strength of his own title, and it must appear he has such title to the property. The defendant says first: there is a title in a third person, and has shown a warrant granted in 1776 to Southy King, and insists the title is in his descendants—if you think so, plaintiff cannot recover. Second: that plaintiff has not been in possession within twenty years—if you think he has not had such possession, he cannot recover. Third: that the proprietary warrant under which plaintiff claims is not valid. Certainly a proprietary warrant cannot vacate another warrant, and you are to decide whether Southy King's warrant was such an one as was provided for by the Act of Assembly.

Verdict not guilty.

## WILLIAM PUZEY'S LESSEE v. ELI TIMMONS.

Court of Common Pleas. Sussex. April 27, 1801.

*Wilson's Red Book, 344.*\*

*Vining, Rodney* and *Wilson* for plaintiff. *Ridgely*, and *Bayard* for defendant.

Plaintiff's exhibits were a general warrant made by the Recorder of Sussex in his favor on the 2nd September, 1794, a survey thereon of one hundred and thirty acres dated 2nd March, 1795, with State Treasurer's receipt of the 8th April, 1795, endorsed, and patent thereon to him dated 10th April, 1795.

Defendant claimed as devisee of John Timmons, deceased, to whom a general warrant had issued, dated on the 5th of Febru-

---

\* This case is also reported in *Rodney's Notes*, April 27, 1801.

ary, 1795, exhibiting the warrant and the will. He then offered a. survey as made by virtue of said warrant for the said testator· including the same lands, bearing date the 7th February, 1795,. with examiner's certificate thereon, but no caution money appeared to have been paid upon the survey. Also a caveat by this· plaintiff against it, No. 471 on the caveat docket.

Plaintiff's counsel objected to the survey. There is not the· same necessity for esteeming warrants and surveys made under· the laws of this state as evidence of title that there is in the case of warrants granted by the Proprietaries; in the latter case it was, rarely in the power of the holder to complete his title. In the· former, any man may proceed, and secure his land. But when a. patent is obtained, the title by relation may take its inception from the date of the warrant, where located, or from the time· [of] actual survey where it is general. In this case the survey produced appears on the face of it imperfect, never having been. paid for nor confirmed by patent. The time also for payment having expired, the survey is a mere nullity and no evidence of· title. The production of plaintiff's caveat is so far from render--· ing the survey competent by throwing blame on us that it shows: the survey not only to be incomplete, but that it never can be evi-- dence of title, for the Commissioners ought not to give patents to· different persons for the same lands. If it was otherwise, no· doubt the defendant would have procured before this time a decision on the caveat before the Commissioners. If this survey· gives no title, it cannot be evidence and is incompetent to go to· the jury.

Defendant's counsel. This paper is the legal act of the Sur-- veyor, who was an officer acting under the warrant, which has. been shown; the survey is not imperfect, for it has been examined, and approved by the examiner. This paper therefore is an. original and legal paper and certainly competent. The arguments of the gentlemen all go to the effect of the survey and not to its competency, which is the sole question now before the· Court. The defendant's survey was made before the plaintiff's,. and both warrants are general; indubitably, therefore, the defendant's location and title are eldest. Everyone knows that: the holder of a warrant has four years to pay his money in; but the plaintiff paid his money within four years from the date· of defendant's warrant, and also caveated our warrant within that time. Consequently, the title to this land was in us at the· ·time plaintiff got his patent, which at that time could give him no· right. If he had no title, then none could accrue to him since, *quod in initio non valet, in tractu temporis non convalescit.* As;

the lapse of the four years on our warrant cannot therefore create a title in plaintiff, so neither does it make defendant's title the worse; for until the forfeiture is created by another's payment of the money, our title is not divested. But this could not have been done because our hands were tied down and have so remained by the plaintiff's caveat, and if the plaintiff or any other person could so impose upon the officers as to pay the caution money over our heads, while our hands are tied, the transaction would be void for fraud. But these arguments regard the effect, not the competency. The survey is certainly evidence, and effectual too to defend our possession, though we do not pretend it would be sufficient for a plaintiff to recover on.

PER CURIAM. You may read the survey to the jury.

NOTE. Plaintiff afterwards clearly proved this survey to have been antedated by the Deputy Surveyor. The cause was submitted without argument, and a verdict was given for the plaintiff.

### SARAH KING v. MARY FERGUS.

Court of Common Pleas. April, 1801.

*Wilson's Red Book, 347.*

